**WEN QIANG WANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 07–0133–ag.

United States Court of Appeals, Second Circuit.

July 13, 2007.

Gang Zhou, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Jamie M. Dowd, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Wen Qiang Wang, a native and citizen of China, seeks review of a December 14, 2006 order of the BIA affirming the May 16, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Qiang Wang*, No. A77 958 144 (B.I.A. Dec. 14, 2006), *aff'g* No. A77 958 144 (Immig.Ct.Hartford, Conn. May 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ based this determination, in part, on inconsistencies between Wang's testimony and information contained in material published by the Department of State. Although this Court has cautioned that IJs should not place excessive reliance on Department of State reports, *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004), such evidence is, nevertheless, pro-bative, *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). Here, the IJ did not place excessive reliance on Department of State materials. Rather, IJ treated these background materials as probative of the truth of Wang's testimony concerning matters central to his asylum claim-the amount of the family planning fine assessed against him and the consequences of non-payment. *See id.* The IJ correctly observed that Wang's testimony that he had been fined as much as 100,000 RMB and that he faced arrest and detention for non-payment should he return to China was inconsistent with information contained in the Department of State report. Because the inconsistencies ad implausibilities cited by the IJ were material to Wang's asylum claim, they substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Even assuming that Wang had been assessed a fine and had failed to pay, the IJ reasonably concluded that Wang did not have a well-founded fear of future persecution because there was no evidence that Wang might be jailed for non-payment if he returned to China.

Finally, because Wang failed to raise his claims for withholding of removal and CAT relief before the BIA or in his petition to this Court, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34(d)(1).